DISTRICT COURT OF GUAM

TERRITORY OF GUAM

| | |
|---|---|
| **VINCENT T. TEDTAOTAO,**<br><br>　　　　Petitioner,<br><br>　　vs.<br><br>**UNITED STATES OF AMERICA,**<br><br>　　　　Respondent. | CIVIL CASE NO. 18-00005<br><br>**REPORT AND RECOMMENDATION**<br>**RE: WRIT OF HABEAS CORPUS** |

This case is before the court on a Writ of Habeas Corpus Petition (the "Petition") filed by Petitioner, Vincent T. Tedtaotao, on January 26, 2018. *See* Pet., ECF No. 1. Having reviewed said Petition, the court hereby issues this Report and Recommendation for the Chief Judge's consideration.

## BACKGROUND

On August 20, 1985, the Petitioner was indicted by a Guam Superior Court grand jury and charged with (1) the murder of David Untalan, (2) the attempted murder of Danny Camacho, and (3) two counts of use of a deadly weapon, which subjected him to an enhanced sentence under 9 Guam Code Ann. § 80.37. *Territory of Guam v. Tedtaotao*, 896 F.2d 371, 372 (1990).

On June 4, 1986, the jury convicted the Petitioner on all charges. *Id.*

The Petitioner then timely appealed to the Appellate Division of the District Court of Guam and thereafter to the Ninth Circuit Court of Appeals. *Id.* On appeal, the Petitioner argued that the Superior Court of Guam erred when it refused to admit evidence of the victim's character to show that the victim was the initial aggressor. *Id.* at 373. On February 13, 1990, the Ninth Circuit found no error by the trial court and affirmed the Petitioner's convictions. *Id.*

On October 1, 2009, the Petitioner filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (the "Motion to Vacate").[1] *See Tedtaotao v. United States*, Criminal Case No. CR86-044A, ECF No. 26. On December 21, 2009, the court issued an Opinion and Order dismissing the motion for lack of jurisdiction because the Petitioner had not exhausted his state remedies by filing a habeas corpus petition at the Supreme Court of Guam.[2] *See* Opinion and Order at 2, ECF No. 27 in *Tedtaotao v. United States*, Criminal Case No. 86-044A. The Notice of Entry of Order for the Opinion and Order was filed on December 22, 2009.

Thereafter, the Petitioner filed a Petition for Writ of Habeas Corpus in the Supreme Court of Guam. *See* Order (Jul. 18, 2014) at 2 in *Tedtaotao v. Superior Court of Guam*, Supreme Court of Guam Case No. WHC12-001 (Ex. A to Pet.). That petition raised four arguments: (1) that the Petitioner should be transferred back to Guam to allow him to exhaust his state remedies; (2) that the District Court of Guam violated the Petitioner's due process rights by dismissing his Motion to Vacate; (3) that the Petitioner was illegally transferred from a penitentiary on Guam to a federal facility in the mainland; and (4) that the Petitioner was denied the right to effective assistance of counsel. *Id.* at 1. On July 18, 2014, the Supreme Court of Guam denied the petition in its entirety. *Id.* 10.

On July 1, 2016, the Petitioner filed an Application for Permission to File a Second or Successive Habeas Corpus Petition with the U.S. Court of Appeal for the Ninth Circuit. *See*

---

[1] At that time, the Petitioner was confined in a federal correctional facility although he was convicted in a territorial court. Opinion and Order at 2, ECF No. 27, in *Tedtaotao v. United States*, Criminal Case No. 86-044A. The Supreme Court of Guam found the Petitioner's transfer to an off-island facility to be valid since Guam law expressly authorized the Director of the Guam Department of Corrections to transfer prisoners to federal institutions so long as Guam reimburses the United States in full for the costs of housing said prisoners in its custody. *See* Order (Jul. 18, 2014) at 5-6 in *Tedtaotao v. Superior Court of Guam*, Supreme Court of Guam Case No. WHC12-001 (appended as Exhibit A to Petition, ECF No. 1).

[2] The court noted that subsequent to the Petitioner's appeals to the Appellate Division of the District Court of Guam and to the Ninth Circuit Court of Appeals, a new appellate system was instituted for the island's territorial court with the establishment of the Supreme Court of Guam on April 21, 1996. *Id.* at 2.

*Tedtaotao v. United States*, Court of Appeals Case No. 16-72252, ECF No. 1. On February 17, 2017, the Ninth Circuit issued an Order denying the Petitioner's application as unnecessary since his first petition challenging his 1986 murder conviction had been dismissed without adjudication on the merits for failure to exhaust state remedies. *Id.* at ECF No. 2.[3] The Ninth Circuit stated that if the Petitioner filed a habeas petition in this court, a copy of the Order should be included with the petition. *Id.*

On January 26, 2018, the Petitioner filed the instant Petition with this court seeking post-conviction relief. Pet., ECF No. 1. Therein, the Petitioner asserted three ineffective assistance of counsel claims: (1) that counsel was ineffective when he failed to request a special jury verdict to determine whether his offense of conviction was "paroleable or nonparoleable;" *id.* at 7; (2) that counsel was ineffective by failing to raise a diminished capacity defense; and (3) that counsel was ineffective during plea bargain negotiations for failing to advise him that he faced a mandatory life sentence without parole if convicted at trial.

## DISCUSSION

The court has reviewed the Petition and finds that it suffers from a couple deficiencies. First, the Petitioner has not paid the filing fee of $5.00 required by 28 U.S.C. § 1914. In that regard, if he is unable to pay the filing fee, the court further notes that he has not brought an application in *forma pauperis* to waive the payment of the filing fee.

Second, it appears that the Petition improperly names the United States of America as the Respondent. Rule 2(a) of the Rules Governing § 2254 cases requires the petition to name as respondent the state officer who has custody over Petitioner. It appears that Petitioner is currently in custody under a Superior Court of Guam judgment. Thus, the United States of America is not the appropriate respondent, and the court lacks personal jurisdiction of this case due to Petitioner's failure to name his immediate custodian. See *Smith v. Idaho*, 392 F. 3d 350, 354 (9th Cir. 2004).

While the above deficiencies may be cured if the court granted the Petitioner leave to amend, the court finds that the Petitioner suffers more serious deficiencies that are not curable. More

---

[3] A copy of the Ninth Circuit's Order is appended to the Petition as Exhibit B.

specifically, the court finds that the Petitioner's claims are barred by the one-year statute of limitations set forth in the Antiterrorism and Effective Death Penalty Act ("AEDPA") OF 1996, 28 U.S.C. § 2244(d). According to the statute,

> (d) (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

*Id.*

Having reviewed the Petitioner's Petition and giving the Petitioner the full benefit of the doubt,[4] the court finds that Section 2244(d)(1)(A) is the latest scenario applicable to the Petitioner's circumstances. Using said date, the Guam Supreme Court's Order denying the Petitioner's habeas petition filed before it became final on July 18, 2014. Applying AEDPA'S one-year statute of limitation from said date would require the Petitioner to have filed his post-conviction petition before

---

[4] AEDPA became effective on April 24, 1996, and imposed for the first time a statute of limitation on habeas petitions filed by state prisoners. *See Calderon v. United States Dist. Ct.*, 128 F.3d 1283, 1288-89 (9th Cir. 1997), *overruled in part on other grounds by Calderon v. United States Dist. Court*, 163 F.3d 530 (9th Cir. 1998) (*en banc*), *cert. denied*, 526 U.S. 1060 (1999). Thus, a prisoner with a state conviction finalized before April 24, 1996, such as the Petitioner, had until April 23, 1997, to file a federal habeas petition. *Miles v. Prunty*, 187 F.3d 1104, 1105 (9th Cir. 1999).

Here, the Petitioner's first habeas petition was filed in this court on October 1, 2009. That petition was not decided on the merits since the Petitioner had not exhausted his state remedies. The Petitioner then filed his habeas petition with the Guam Supreme Court sometime thereafter, and said petition was ultimately denied in July 2014. The court will assume, without deciding, that the period between the Petitioner's conviction and the Guam Supreme Court's denial of Petitioner's habeas petition is not counted toward AEDPA's limitation period. *See* 28 U.S.C. § 2244(d)(2).

this court on or before July 17, 2015. The Petitioner failed to do so and has not presented any extraordinary circumstances beyond his control which made it impossible for him to file a time Section 2254 habeas petition. *See Miles*, 187 F.3d at 1107.

Accordingly, the court recommends that the Chief Judge dismiss the Petition because it was untimely filed.



/s/ Joaquin V.E. Manibusan, Jr.
U.S. Magistrate Judge
Dated: Oct 15, 2018

**NOTICE**

**Failure to file written objections to this Report and Recommendation within fourteen (14) days from the date of its service shall bar an aggrieved party from attacking such Report and Recommendation before the assigned United States District Judge. 28 U.S.C. § 636(b)(1)(B).**