# THE DISTRICT COURT OF GUAM

| | |
|---|---|
| VINCENT T. TEDTAOTAO, <br><br>　　　　　Petitioner, <br><br>　　v. <br><br>UNITED STATES OF AMERICA, <br><br>　　　　　Respondent. | CIVIL CASE NO. 18-00005 <br><br>**ORDER DENYING CERTIFICATE OF APPEALABILITY** |

This matter comes before the court on remand from the Ninth Circuit Court of Appeals for the limited purpose of determining whether to issue a certificate of appealability (COA). *See* Order of USCA, ECF No. 7. For the reasons stated herein, the COA is **denied**.

**A. BACKGROUND**

On June 4, 1986, Tedtaotao was convicted at Guam Superior Court of murder, attempted murder, and two counts of use of a deadly weapon. *Territory of Guam v. Tedtaotao*, 896 F.2d 371, 372 (1990). His convictions were affirmed on appeal. *Id.* at 373.

On October 1, 2009, Tedtaotao moved to Vacate, Set Aside, or Correct his sentence pursuant to 28 U.S.C. § 2255. *See Tedtaotao v. United* States, Criminal Case No. 86-00044, ECF No. 1. This court dismissed that motion without adjudication due to Tedtaotao's failure to exhaust state remedies. *Id.* at ECF No. 27. Thereafter, Tedtaotao petitioned for Writ of Habeas

Corpus in the Supreme Court of Guam. *See* Report at 2, ECF No. 2. That motion was denied on July 18, 2014. *Id.*

Slightly less than two years later, on July 1, 2016, Tedtaotao filed an Application for Permission to File a Second or Successive Habeas Corpus Petition with the U.S. Court of Appeals for the Ninth Circuit. *See Tedtaotao v. United States*, Court of Appeals Case No. 16-72252, ECF No. 1. On February 17, 2017, the Ninth Circuit denied that motion as unnecessary, because Tedtaotao's first petition challenging his conviction had been dismissed without adjudication. *Id*. at ECF No. 2.

On January 26, 2018, Tedtaotao filed the instant Petition for Writ of Habeas Corpus. Pet., ECF No. 1. This court denied that Petition without reaching the merits, finding that Tedtaotao's claims were barred by the one-year statute of limitations set forth in the Antiterrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2244(d). Order at 2, ECF No. 4.

**B. DISCUSSION**

The court may issue a COA "only if the applicant has a made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). If a court denies the habeas petition on procedural grounds without reaching the underlying constitutional claims, "a COA should issue when the prisoner shows, at least, [1] that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and [2] that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 478 (2000).

This court concludes that no "jurists of reason would find it debatable" that this court's procedural ruling was correct. *Id*. The Petition was filed over three years after the Supreme Court of Guam's decision denying habeas relief, so it exceeded the AEDPA's one-year limitations period. 28 U.S.C. § 2244(d)(1). Dismissal is therefore warranted. *See, e.g., Day v. McDonough*,

547 U.S. 198, 202 (2006). Even if a court were to consider equitably tolling the period following Tedtaotao's Application for Permission to File a Second or Successive Habeas Corpus Petition, *see Holland v. Florida*, 560 U.S. 631, 645 (2010) (holding "that § 2244(d) is subject to equitable tolling in appropriate cases"), that Application was not filed until July 1, 2016, more than a year after the Supreme Court of Guam's decision in July 18, 2014. Thus, Tedtaotao cannot escape the one-year limitations period proscribed by § 2244(d).

As Tedtaotao's request for a certificate of appealability does not satisfy the requirements of 28 U.S.C. § 2253(c), the court hereby **DENIES** the Motion.

**SO ORDERED.**



**/s/ Frances M. Tydingco-Gatewood**
  **Chief Judge**
**Dated: Apr 22, 2019**